# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA
# ORLANDO DIVISION

**KASRA REZAEE,**

    **Petitioner,**

    v.                         Case No.: 6:25-cv-1140-CEM-DCI

**PRESIDENT OF THE UNITED STATES; SECRETARY, DEPARTMENT OF HOMELAND SECURITY; U.S. ATTORNEY GENERAL; DIRECTOR, U.S. IMMIGRATION AND CUSTOMS ENFORCEMENT; ASSISTANT FIELD OFFICER IN CHARGE OF MIAMI FIELD OFFICE; and CHIEF, ORANGE COUNTY CORRECTIONS DEPARTMENT;**

    **Respondents.**
_____/

THIS CAUSE is before the Court on Petitioner Kasra Rezaee's Petition for Writ of Habeas Corpus ("Petition," Doc 1) and Motion for Temporary Restraining Order and Preliminary Injunction ("Motion for TRO," Doc. 2). Upon consideration, the Government will be required to file an expedited Response to the Petition and Motion for TRO.

## I. BACKGROUND

Petitioner, an Iranian citizen, entered the United States in February 2023 and was apprehended by the Department of Homeland Security ("DHS"). (Doc. 2-2 at

1). DHS found Petitioner had a credible fear of persecution or torture and subsequently initiated removal proceedings against him, charging him as removable under 8 U.S.C. § 1182(a)(6)(A)(i). (*Id.*). An Immigration Judge ("IJ") sustained Petitioner's charge of inadmissibility under section 212(a)(6)(i) of the Immigration and Nationality Act ("INA") and designated Iran as the country of removal. (Doc. 1-1 at 2). Petitioner filed "a timely Form I-589, application for asylum, withholding of removal, and protection under the Convention Against Torture" ("CAT"). (*Id.*) Petitioner was paroled from DHS custody soon after his arrival in the United States and has been living and working lawfully since that time. (Doc. 2-2 at 2).

On June 25, 2025, during a hearing on his applications, DHS Immigration and Customs Enforcement ("ICE") agents arrested Petitioner and his uncle, without explanation, before Petitioner's testimony concluded. (Doc. Nos. 1 at 4; 1-1 at 2). Petitioner's counsel asked the IJ at that time for a bond hearing. (Doc. 1 at 4). The IJ denied the motion as follows:

> The Court does not have jurisdiction to determine bond in this case. First, the respondent was arrested by DHS but the Court does not know respondent's current detention status as DHS has not yet filed a Form I-200 (Warrant for Arrest of Alien), or a Form I-286 (Notice of Custody Determination), or a Form I-830 (Notice to EOIR: Alien Address). Thus, it is unknown where respondent will be detained once he has been processed by ERO, if he will remain in DHS custody, if he will be granted a DHS bond, if he will be released on an Order of Release on Recognizance, or if he will be held on grounds of mandatory detention. Applications for the exercise of

> authority to review bond determinations shall be made to one of the following offices, in the designated order: (1) If the respondent is detained, to the Immigration Court having jurisdiction over the place of detention; (2) To the Immigration Court having administrative control over the case; or (3) To the Office of the Chief Immigration Judge for designation of an appropriate Immigration Court. Until such time that a Form I-830 has been filed with the Court, the Court cannot determine that the respondent is (1) being detained by DHS, and (2) where he is being detained. As DHS has not yet made an initial custody determination, this Court lacks jurisdiction at this time to redetermine DHS' custody determination. See 8CFR § 1236.1(d).
>
> Further, the respondent is currently in removal proceedings. Bond proceedings have not been initiated yet. Bond proceedings are separate and distinct from removal proceedings. See 8 C.F.R. 1003.19(d) ("Consideration by the Immigration Judge of an application or request of a respondent regarding custody or bond under this section shall be separate and apart from, and shall form no part of, any deportation or removal hearing or proceeding."); see also Matter of Guerra, 24 I&N Dec. 37, 40 n.2 (BIA 2005) ("Bond proceedings are separate and apart from the removal hearing."); Matter of E-Y-F-G-, 29 I&N Dec. 103, 105 (BIA 2025).
>
> As such, the Court lacks jurisdiction to determine bond and denies respondent's motion for bond.

(Doc. 1-1 at 2-3).

Although his uncle was released on the same day, Petitioner remains detained at the Orange County Correctional Facility. (Doc. 1 at 1, 4). Upon information and belief, Petitioner has not been served an arrest warrant. (*Id*. at 4). Petitioner maintains that his detention without an arrest warrant or notice of revocation of parole violates

his Fifth Amendment right to substantive due process and his detention exceeds ICE's statutory authority. (*Id.* at 6-8). Petitioner requests the Court to order that he not be transferred outside the Middle District of Florida and that he be immediately released. (Doc. Nos. 1 at 8; 2 at 2).

Upon consideration, it is **ORDERED** and **ADJUDGED** as follows:

1. The Clerk of Court is **DIRECTED** to send a copy of this Order, the Petition (Doc. 1), the Motion for TRO (Doc. 2), and any memorandum, declaration, or exhibit attached to the Petition or Motion for TRO **electronically** to the United States Attorney's Office in Orlando, Florida and by **certified mail** to the following: (1) the Director of Enforcement and Removal Operations, Miami Field Office, 865 S.W. 78th Avenue, Suite 101, Plantation, FL 33324; (2) the United States Attorney for the Middle District of Florida (attention to the Civil Process Clerk); (3) the Attorney General of the United States in Washington, D.C.; and (4) the U.S. Department of Homeland Security. All costs of service shall be advanced by the United States.

2. On or before **July 7, 2025**, Respondents shall file a Response to the Petition and Motion for TRO.

**DONE** and **ORDERED** in Orlando, Florida on June 30, 2025.



CARLOS E. MENDOZA
UNITED STATES DISTRICT JUDGE

Copies furnished to:

Counsel of Record

US Attorney's Office - FLM
Suite 3100
400 W Washington St
Orlando, FL 32801

U.S. Attorney's Office
400 W. Washington Street
Suite 3100
Orlando, FL 32801

Office of the General Counsel
U.S. Department of Homeland Security
245 Murray Lane, SW
Mail Stop 0485
Washington, DC 20528-0485